IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DELONTE TAYLOR, Plaintiff | * | |
| v. | * | Civil No. JFM-02-4039 |
| STATE OF MARYLAND, et al., Defendants | * | |

**PLAINTIFF'S MOTION FOR CONTINUANCE AND TO DEFER SUMMARY JUDGMENT RESPONSE TO PERMIT NECESSARY DISCOVERY**

DELONTE TAYLOR, Plaintiff, by his attorney, Gerard P. Uehlinger, moves this court for continuance and to defer Plaintiff's response to Defendant's Motion for Summary Judgment until after Plaintiff has an opportunity to obtain discovery pursuant to Rule 56 (f), F.R.C.P., and as grounds therefor, says:

1. The gravamen of Defendant's Motion for Summary Judgment is that Plaintiff has failed to prove that Defendants "[knew] of any excessive risk to Plaintiff's safety before the alleged assault." However, Plaintiff's lawsuit originally and as Amended, alleges, inter alia, that Defendants

   a) failed to provide a safe environment for inmates;

   b) failed to secure the premises from illegal contraband;

   c) failed to provide staffing sufficient to control inmate behavior;

   d) failed to place staff in physical locations where they can control

inmate behavior;

e) failed to monitor the area properly at the time of the incident; and

f) failed to respond appropriately to previous complaints.

2. The allegations of the Complaint clearly set forth, at a minimum, a colorable claim against the Defendant's for the deliberate indifference required by <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

3. Plaintiff requires discovery from the Defendant to counter their bald assertion that they were not "deliberately indifferent.."

4. Plaintiff is issuing contemperaneously herewith a Request for Production of Documents and Interrogatories to have each Defendant set forth exactly its role in promoting of the overall safety of the prison; what steps were taken to prevent illegal weapons; staffing procedures; placement of staff and monitoring of the area (obviously, this severe an attack did not occur in a split second); and past incidents in the same area. As the Supreme Court noted in <u>Farmer</u>, "being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." <u>Farmer</u>, quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

5. Plaintiff requests this court to continue its ruling on Defendant's Motion for Summary Judgment so as to permit discovery to determine whether the official Defendants "knew of and disregarded an

excessive risk to inmate health and safety." Farmer, supra.

6. Plaintiff believes he can prove that the Defendant officials failed to act despite their knowledge of a substantial risk of serious harm. In order to do so, the interests of justice require that Plaintiff obtain discovery before this court rules on Defendants' Motion.

7. See Affidavit of Gerard P. Uehlinger, Esq., in Support of Continuance, incorporate herein as Exhibit A.

WHEREFORE, Plaintiff moves this court for continuance and to defer ruling on Defendant's Motion for Summary Judgment so as to permit Plaintiff to obtain discovery.

                                                              _____

Gerard P. Uehlinger
28 West Allegheny Avenue
Suite 1210
Towson, MD 21204
(410) 821-0025
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 56 (f), F.R.C.P. permits a continuance to obtain discovery.

                                                              _____

Gerard P. Uehlinger

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of February, 2003, I mailed a copy of the Plaintiff's Motion for Continuance and to Defer Summary Judgment Response to Permit Necessary Discovery and Affidavit of Gerard P. Uehlinger, Esq. in Support of Motion for Continuance and Proposed Order, by first class mail, postage prepaid, to:

>J. JOSEPH CURRAN, JR.
>Attorney General of Maryland
>
>and
>
>SHARON STANLEY STREET
>Assistant Attorney General
>
>St. Paul Plaza - 19th Floor
>200 St. Paul Place
>Baltimore, MD 21202

_____
Gerard P. Uehlinger