IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DELONTE TAYLOR                *
                              *
        v.                    *   Civil No. JFM-02-4039
                              *
STATE OF MARYLAND, ET AL.     *
                           *****

MEMORANDUM

Plaintiff, a former inmate in the Maryland prison system, has brought this action against the State of Maryland and various state prison officials for injuries he suffered when he was attacked and stabbed by other inmates. In his first count he asserts a claim for negligence, and in his second count he asserts that defendants violated his federal constitutional rights. Defendants have filed a motion to dismiss or for summary judgment. Plaintiff has responded to the motion by requesting a continuance for the purpose of taking discovery.

Defendants' motion will be treated as a motion to dismiss and will be granted. Plaintiff's motion for a continuance will be denied.

In order to assert a claim for a violation of federal constitutional rights in this context, a plaintiff must allege that the harm he suffered was objectively serious and that prisoner officials acted with deliberate indifference to protect him from other inmates. *See Farmer v. Brennan,* 511 U.S. 825 (1994); *see also Taylor v. Freeman*, 34 F.3d 266, 271 (4th Cir. 1994). Here, the injuries suffered by plaintiff were sufficiently serious to meet the first prong of this test. Plaintiff has not alleged any facts, however, to demonstrate that prisoner officials acted with deliberate indifference. To the contrary, the only allegations that he has made demonstrate that they are legally insufficient to make out a claim for

violation of his federal constitutional rights. Plaintiff has merely incorporated by reference into count II (the count asserting a claim for violation of constitutional rights) the allegations of negligence made in count I. Mere negligence alone is insufficient to constitute a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987).

It is highly doubtful whether plaintiff has an actionable claim for negligence under Maryland law. However, I will decline to reach that question since I will not exercise supplemental jurisdiction over his negligence claims.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: March 25, 2003         /s/_____
                             J. Frederick Motz
                             United States District Judge